UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MICHAEL JACKSON,

    Plaintiff,

v.

PRINCIPAL LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, MICHAEL JACKSON ("JACKSON"), by and through his undersigned counsel, hereby sues PRINCIPAL LIFE INSURANCE COMPANY ("PRINCIPAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. JACKSON brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. JACKSON was at all times relevant a citizen of the United States of America and in all

1

respects sui juris.

3. PRINCIPAL is a corporation with its principal place of business in the State of Iowa, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRINCIPAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to JACKSON.

6. JACKSON at all times material was an employee of EGISTICS, INC.

7. JACKSON was at all times material a plan participant under the EGISTICS, INC. Long Term Disability Insurance Plan, Group Policy No. GLT 1017365 (the "LTD Policy") which is established by EGISTICS, INC. and pursuant to which JACKSON is entitled to benefits. A copy of the LTD Policy has been attached hereto as Exhibit "A."

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRINCIPAL is the insurer of benefits under the LTD Policy and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRINCIPAL administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, PRINCIPAL is not entitled to a deferential standard of review.

11. PRINCIPAL is the fiduciary charged with making benefit determinations under the LTD

Policy, including the determinations made on JACKSON's claim at issue.

12. Pursuant to the terms and conditions of the LTD Policy, JACKSON is entitled to LTD benefits until age 67, or for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Policy.

13. According to the LTD Policy, disability is defined as follows:

**Disability; Disabled**

A Member will be considered Disabled if, solely and directly because of sickness, injury, or pregnancy:

During the Elimination Period and the Own Occupation Period, one of the following applies:

a. The Member cannot perform the majority of the Substantial and Material Duties of his or her Own Occupation.

b. The Member is performing the duties of his or her Own Occupation on a Modified Basis or any occupation and is unable to earn more than 80% of his or her Indexed Predisability Earnings.

After completing the Elimination Period and the Own Occupation Period, one of the following applies:

a. The Member cannot perform the majority of the Substantial and Material Duties of any Gainful Occupation for which he or she is or may reasonably become qualified based on education, training, or experience.

b. The Member is performing the Substantial and Material Duties of his or her Own Occupation or any occupation on a Modified Basis and is unable to earn more than 60% of his or her Indexed Predisability Earnings.

The loss of a professional or occupational license or certification does not, in itself, constitute a Disability.

14. At all relevant times, JACKSON complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

15. Since approximately October 19, 2013, solely and directly because of sickness, injury, or pregnancy, JACKSON has been disabled under the terms of the LTD Policy.

16. Since on or about October 19, 2013, solely and directly because of sickness, injury, or pregnancy, JACKSON has been prevented from performing the majority of the

3

Substantial and Material Duties of his Own Occupation.

17. Since on or about October 19, 2013, solely and directly because of sickness, injury, or pregnancy, JACKSON has been unable to earn more than 80% of his indexed predisability earnings from performing the duties of his own occupation on a modified basis or any occupation.

18. Since on or about October 19, 2013, solely and directly because of sickness, injury, or pregnancy, JACKSON has been prevented from performing the Substantial and Material Duties of any Gainful Occupation for which he is or may reasonably become qualified based on education, training, or experience.

19. Since on or about October 19, 2013, solely and directly because of sickness, injury, or pregnancy, JACKSON has been unable to earn more than 60% of his indexed predisability earnings from performing the substantial and material duties of his own occupation or any occupation on a modified basis.

20. At all relevant times, JACKSON has been under the appropriate and regular care and treatment of a physician.

21. At all relevant times, JACKSON was a Covered Person under the LTD Policy.

22. Shortly after becoming disabled, JACKSON made a claim to PRINCIPAL under the LTD Policy for disability benefits.

23. PRINCIPAL initially approved benefits and paid LTD benefits for the period of January 18, 2014 through January 17, 2016.

24. By way of a letter dated January 29, 2016, PRINCIPAL denied JACKSON's continued claim for LTD benefits beyond January 17, 2016.

25. JACKSON timely and properly submitted an appeal of PRINCIPAL's January 29, 2016

denial of his claim for continued LTD benefits.

26. By letter dated August 30, 2016, PRINCIPAL affirmed its previous denial and informed JACKSON that his mandatory administrative appeal had been denied.

27. From January 18, 2016 to the present date, JACKSON has not received benefits owed to him under the LTD Policy despite JACKSON's right to these benefits.

28. PRINCIPAL has refused to pay JACKSON's LTD benefits since January 17, 2016.

29. At all relevant times, PRINCIPAL was the payer of benefits.

30. At all relevant times, PRINCIPAL was the "Insurance Company" identified throughout the LTD Policy.

31. At all relevant times, PRINCIPAL was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

32. At all relevant times, JACKSON has been and remains Disabled and entitled to LTD benefits from PRINCIPAL under the terms of the LTD Policy.

33. JACKSON has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

34. JACKSON incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36. Pursuant to 29 U.S.C. §1132(a)(1)(B), JACKSON, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

37. JACKSON has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of PRINCIPAL's failure to pay his disability benefits.

38. JACKSON has exhausted all administrative remedies under the LTD Policy.

39. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to JACKSON at a time when PRINCIPAL knew, or should have known, that JACKSON was entitled to those benefits under the terms of the LTD Policy, as JACKSON was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of JACKSON's claim for LTD benefits;

    (c) After JACKSON's claim was terminated in whole or in part, PRINCIPAL failed to adequately describe to JACKSON any additional material or information necessary for JACKSON to perfect his claim along with an explanation of why such material is or was necessary.

    (d) PRINCIPAL failed to properly and adequately investigate the merits of JACKSON's disability claim and failed to provide a full and fair review of JACKSON's claim.

40. JACKSON believes and thereon alleges that PRINCIPAL wrongfully terminated his claim for disability benefits under the LTD Policy by other acts or omissions of which JACKSON is presently unaware, but which may be discovered in this future litigation

and which JACKSON will immediately make PRINCIPAL aware of once said acts or omissions are discovered by JACKSON.

41. Following the termination of benefits under the LTD Policy, JACKSON exhausted all administrative remedies required under ERISA and JACKSON has performed all duties and obligations on his part to be performed under the LTD Policy.

42. As a proximate result of the aforementioned wrongful conduct of PRINCIPAL, JACKSON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding JACKSON's claim for benefits, JACKSON, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), JACKSON is entitled to have such fees and costs paid by PRINCIPAL.

44. The wrongful conduct of PRINCIPAL has created uncertainty where none should exist, therefore, JACKSON is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, MICHAEL JACKSON prays for relief against PRINCIPAL LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 8, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com